MAXWELL, J.,
concurring in part and in result:
¶ 39. I agree with the majority’s affir-mance of Lenard’s convictions. But I respectfully disagree with its finding that Lenard’s defense attorney failed to preserve an objection to the admission of Rule 404(b) evidence concerning Lenard’s prior strangling of his ex-wife. My review of *540 the record indicates Lenard’s counsel did indeed object to admission of what he deemed “prior bad acts.” He recognized the court could possibly admit the strangling and other acts, as defense counsel put it, as “evidence of motive and intent.” But he argued admitting the seven-year-old, unproven choking would permit the jury to consider evidence that “is highly prejudicial and may not be true.” (Emphasis added).
¶40. Even if his recognition that the circuit court could potentially admit the past strangling evidence to establish “motive and intent” is deemed a waiver, I find his proffer sufficient to at least preserve his objection as it relates to the second part of the Rule 404(b) test — the determination of whether the probative value of the prior act outweighs the danger of unfair prejudice. Davis v. State, 40 So.3d 525, 530(16) (Miss.2010) . (explaining the two-part analysis for M.R.E. 404(b)).
¶ 41. The circuit judge recognized that Lenard had generally invoked a 404(b)-based objection. And before ruling on it, the circuit court correctly noted: “Generally speaking such evidence is not admissible. However, under [Rule] 404(b), it can be brought in ... an effort to prove motive, opportunity, intent, plan, knowledge, preparation, matters such as that.” The judge further found the seven-year-old strangling event was “not so remote” that “its probative value would be outweighed by the remoteness of it.” The judge admitted the prior strangling “over the objection of the defense.” And he “afforded] the defense a continuing objection as to those matters.”
¶ 42. Finding the objection preserved, I turn to the merits of Lenard’s claim. On appeal, Lenard essentially argues the prejudicial nature of the prior strangling episode outweighed its probative value. The circuit court correctly identified that admission here was governed by Rule 404(b) of the Mississippi Rules of Evidence. Rule 404(b) provides that evidence of prior acts is not admissible to show a person “acted in conformity therewith.” But the circuit judge correctly recognized it might be admissible for other purposes, including “proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Id. The Mississippi Supreme Court has applied a two-part test for the admissibility of evidence under Rule 404(b). First, the evidence must “be relevant to prove a material issue other than the defendant’s charaeter[.]” Davis, 40 So.3d at 530 (¶ 16) Second, “the probative value of the evidence must outweigh the prejudicial effect.” Id. This second prong implicates Mississippi Rule of Evidence 403 — “the ultimate filter through which all otherwise admissible evidence must pass.” Davis, 40 So.3d at 530 (¶ 16).
¶ 43. Citing Robinson v. State, 35 So.3d 501, 506-07 (¶ ¶ 13-16) (Miss.2010), Lenard deems the seven-year-old strangling inadmissible character evidence which bore “no probative value whatsoever” to his present strangling-based capital-murder charge. I disagree. Robinson concerned the reversal of a murder conviction based on admission of evidence that the defendant had previously threatened another woman by placing a gun to her head two years prior to the present victim’s shooting death. Our supreme court reversed this court’s split decision that the admission of the prior event was harmless error. Id. at 507 (¶ ¶ 17-19). In doing so, it found the pri- or-bad-acts testimony was generally inadmissible character evidence. Id. at (¶ 16). I find two distinct differences in Robinson that diminish its applicability to Lenard’s case. First, in Robinson, neither the State nor circuit judge considered admission of the prior acts under any of the explicitly *541 permitted purposes of Rule 404(b). Rather, the State offered a DVD recording of a police interview of the defendant that included questioning about his alleged past bad acts. Id. at 503 (¶ 6). The State claimed it could not redact the complained of portions. The circuit judge overruled the defense’s objection to what it deemed inadmissible evidence on the DVD “concerning a possible criminal background of [the defendant].” Id. But permissible 404(b) purposes were neither raised nor addressed. Instead, the circuit judge took a vastly different path, admitting the DVD in its entirety by reasoning, “the completeness of the issue that I have, that’s what they’re doing is interrogating a homicide. That is different than eliciting evidence of a prior crime or criminal act.” Id.
¶ 44. Another sharp and quite pertinent distinction between Robinson and Lenard’s case concerns the method of injury-strangulation — and the remarkably unusual instrument used in each episode — a wire cord.
¶ 45. I am not ready to classify these highly unusual similarities as the “Mark of Zorro,” as the Court of Criminal Appeals of Texas did when admitting a defendant’s prior strangulation-based sexual-assault homicide as 404(b) evidence in a later similar murder case. See Segundo v. State, 270 S.W.3d 79, 88-89 (Tex.Crim.App.2008). But I do draw from the Texas court’s analysis that one of the main rationales for admitting “extraneous-offense evidence is to prove the identity of the offender.” Id. at 88. I also agree that in some cases, the operative relevancy concerns the “modus operandi in which the pattern and characteristics of the charged crime and the uncharged misconduct are so distinctively similar that they constitute a ‘signature.’ ” Id.
¶ 46. Mississippi has not addressed Rule 404(b)’s application to signature crimes, but I find Texas’s well-developed law on this issue to be sensible. In Texas, no rigid rules dictate what constitutes sufficient similarities. Rather, the common characteristics may be proximity in time and place, mode of commission of the crimes, the person’s dress, or any other elements that mark both crimes as having been committed by the same person. Id. “But if the similarities are ‘generic,’ i.e. typical of the crime, they will not constitute a ‘signature crime.’ ” Id.
¶ 47. While a generic gun-based crime under certain facts, like those in Robinson, do not tend to befit the designation of a “signature crime,” I find a wire-based strangulation qualifies. See Taylor v. State, 920 S.W.2d 319, 322 (Tex.Crim.App.1996) (holding similar robbery-murder committed with wire coat hanger was sufficiently similar for admission under Rule 404(b)).
¶ 48. That Lenard’s prior strangling act took place seven years before the charged strangulation-based murder was but one fact to consider in the trial court’s 404(b) analysis. Our supreme court recently affirmed the admission of 404(b) evidence relating to a pedophile’s acts of prior sexual abuse that took place seven years prior to his charged fondling offense. Gore v. State, 37 So.3d 1178, 1183-86 (¶¶ 14-21) (Miss.2010). The circuit court here determined the extraneous strangling was “not so remote” that “its probative value would be outweighed by the remoteness of it.” Finding no abuse of discretion in this logic, I find the prior strangulation proper 404(b) evidence.
BARNES, CARLTON AND RUSSELL, JJ., JOIN THIS OPINION.